IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-438-MEH

MELISSA LAMMERT

Plaintiff,

v.

WELLPATH, LLC;
JEANNETTE LYNN SIMMONS, Wellpath nurse;
LYNN ILARRAZA, A.K.A. LYNN LLARRAZA, Wellpath nurse;
BRENDA WENDT, Wellpath nurse;
JOHN DOES #1-#5, Wellpath employees;
ARAPAHOE COUNTY SHERIFF'S OFFICE;
TYLER BROWN, Arapahoe County Sheriff, in his official capacity;
CRYSTAL DICKERSON, Wellpath doctor;

Defendants.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for May 7 at 10:30 am in front of Magistrate Judge Hegarty.

Appearing for the parties are:

<u>Counsel for Plaintiff Melissa Lammert</u>

Adam Frank
Cameron Bedard
Frank Law Office LLC
1133 N Pennsylvania Street

1

Denver, CO 80218
303-800-8222
adam@franklawoffice.com
cameron@franklawoffice.com

Counsel for Wellpath Defendants

Robert R. McLeod
Hall Booth Smith, P.C.
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
303-773-3500
rmcleod@hallboothsmith.com

Counsel for Defendants Sheriff Brown and the Arapahoe County Sheriff's Office ("ACSO") (collectively, the "Sheriff Defendants")

Writer Mott
Deputy County Attorney
Dawn Johnson
Senior Assistant County Attorney
Rebecca M. Taylor
Senior Assistant County Attorney
Arapahoe County Attorney's Office
5334 S. Prince Street
Littleton, CO 80120-1136
wmott@arapahoegov.com
djohnson@arapahoegov.com
rtaylor@arapahoegov.com

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution of the United States, pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988. This Court has jurisdiction over the state law cause of action under 28 U.S.C. § 1267.

### 3. STATEMENT OF CLAIMS AND DEFENSES

<u>Plaintiff</u>: On the morning of February 16, 2022, Melissa Lammert was booked into the Arapahoe County Detention Center, run by the Arapahoe County Sheriff's Office. ACSO, headed by Sheriff Tyler Brown, contracted with Wellpath to provide medical services at the jail. Based on this, Wellpath employees did Ms. Lammert's medical screening.

During Ms. Lammert's initial medical screening with Wellpath nurse Simmons, Ms. Lammert told Defendant Simmons she was diabetic and had scleroderma that caused severe acid reflux if not treated. Ms. Lammert also told Defendant Simmons that the treatment for her acid reflux was simple, cheap, and non-abusable: an over-the-counter antacid such as Prilosec. With her acid reflux under control and thus not preventing her from eating, Ms. Lammert could then control her blood sugar through food consumption. Despite this, Defendant Simmons refused to permit Ms. Lammert to receive antacids.

Shortly afterwards, Ms. Lammert began suffering increased pain from her acid reflux as well as nausea and repeated vomiting, which got so bad that she started vomiting blood. Her symptoms soon progressed to include chest pains that felt like she was having a heart attack. These symptoms were caused by Ms. Lammert going into diabetic ketoacidosis. Left untreated, diabetic ketoacidosis is deadly. Despite suffering obvious and well-known diabetic ketoacidosis symptoms, Ms. Lammert received no medical attention for hours.

After dinnertime on February 16, Defendant Simmons came to see Ms. Lammert. Ms. Lammert told Defendant Simmons about her life-threatening symptoms. Despite knowing that she was treating a diabetic patient with symptoms of progressing diabetic ketoacidosis, Defendant

Simmons did nothing to treat Ms. Lammert's diabetes, to get her seen by a doctor, or to get her taken to the hospital. Instead, she left Ms. Lammert in her cell to suffer.

In the early morning hours of February 17, another Wellpath nurse, Lynn Ilarraza, came to see Ms. Lammert. Ms. Lammert reported her symptoms, telling Defendant Ilarraza that she had been vomiting for hours, repeatedly vomiting blood, and having chest pains. Despite observing and documenting an ongoing diabetic emergency – including symptoms any human knows require immediate medical treatment – Defendant Ilarraza took no action to treat Ms. Lammert's diabetic ketoacidosis or prevent it from worsening.

Without treatment, Ms. Lammert's diabetic ketoacidosis got worse. In addition to her other symptoms, Ms. Lammert began to have trouble breathing, experiencing Kussmaul breathing. She reported her symptoms to a third Wellpath nurse, Brenda Wendt. Defendant Wendt refused to call a doctor or have Ms. Lammert brought to the hospital for treatment.

As a result, Ms. Lammert nearly died. In the early morning of February 18, 2022, she collapsed in her cell, falling into a hyperosmolar coma. By the time Ms. Lammert was finally taken to the hospital, her blood sugar was over 1100.

The Wellpath Defendants repeatedly denied Ms. Lammert medical care pursuant to Wellpath's long-established policies and practices for providing medical care to jail inmates, which are geared towards maximizing profit at the expense of proper medical care. In its effort to reduce costs, Wellpath established a policy and practice under which an incoming inmate's self-report of a medical need was insufficient for its employees to treat the medical need. Following this unconstitutional policy, Wellpath's employees denied Ms. Lammert the antacids she needed

to control her acid reflux, setting this cascade of events in motion. Further, Wellpath established a policy and practice under which hospitalizations and consultations with doctors were to be minimized. Following these policies and practices, Wellpath's employees refused to consult a doctor or have Ms. Lammert taken to the hospital, nearly killing her.

For these reasons, Ms. Lammert has brought the following causes of action: (1) Unconstitutional medical care under 42 U.S.C. § 1983 against the Individual Caregiver Defendants; (2) Unconstitutional policies and practices against the Entity Defendants; and (3) Negligence / medical malpractice against Wellpath and the Individual Caregiver Defendants.

Wellpath Defendants: Defendant Wellpath, LLC, through its employees and healthcare providers, provided reasonable and appropriate screening tools, and implemented policies and training in accordance with the National Commission on Correctional Health Care guidelines for services in jails. The Wellpath Defendants deny allegations of refusing to provide medical treatment or medication to Plaintiff, negligence of any kind whatsoever, and the allegation that Ms. Lammert's constitutional rights were violated. The Wellpath Defendants affirmatively assert that their actions met all applicable constitutional standards. The Wellpath Defendants deny that they maintained a custom or policy of providing constitutionally inadequate medical care at the Arapahoe County Detention Center as a general matter and in this situation. The Wellpath Defendants deny that they disregarded Ms. Lammert's medical complaints or that they refused Ms. Lammert medical care in any fashion, whether alleged or otherwise. The Wellpath Defendants deny that Wellpath's practices, policies, customs, and habits were the moving forces or cause of Plaintiff's alleged injuries. At all relevant times, the Wellpath Defendants acted in accordance with

all common law, statutory law, regulatory, policy, and constitutional obligations under federal, state, and local law without any intent to cause Plaintiff any harm. Plaintiff's damages, if any, were not proximately caused by the Wellpath Defendants and may have resulted from injuries occurring before or after the incidents complained of in the Complaint. Any damages sustained by Plaintiff, if any, in whole or in part, were proximately caused by her own acts or omissions and/or the acts or omissions of third parties over whom no Wellpath Defendant had ant control or right of control. Plaintiff has failed to mitigate her damages, if any, as required by law. Plaintiff's noneconomic damages, if any, are subject to the limitations set forth in C.R.S. § 13-21-201 through C.R.S. § 13-21-203.7 and/or C.R.S. § 13-21-301 through C.R.S. § 13- 21-304 and subject to and limited by the Health Care Availability Act, C.R.S. § 13-64-101, et seq. This Defendant's liability, if any, is limited by C.R.S. § 13-21-111.5. Plaintiff is not entitled to

punitive damages and the Wellpath Defendants are exempt from liability under C.R.S. § 13-21-108. Plaintiff's claims as alleged in the Complaint lack substantial justification entitling these Defendants to recover all attorney fees and costs incurred in defending some of the asserted claims.

Sheriff Defendants:  On February 16, 2022, Plaintiff was booked into the Arapahoe County Detention Facility ("ACDF") after having spent what she alleges was days incarcerated at another facility without receiving any medication for her medical conditions. Plaintiff was at the ACDF for less than 48 hours, and during that limited time period, she was seen by nurses on multiple occasions and received medication at least twice. Plaintiff was transported to the hospital to receive higher level care after she was found minimally responsive in her cell and her cellmates reported

she had fallen off the toilet. Plaintiff's Complaint seemingly takes issue with specific decisions made about her medical care and treatment by the Individual Caregiver Defendants but it acknowledges that she was repeatedly seen and treated by medical staff and then sent out for higher level care during the brief time she initially spent in ACDF, obviating the constitutional dimension to her claims. Plaintiff seeks to extend liability to Wellpath generally and alleges that her own care was representative of a policy and custom by Wellpath of providing constitutionally deficient care to inmates at the ACDF. Plaintiff then attempts to impute that liability to the Sheriff Defendants. In doing so, however, Plaintiff relies almost exclusively on incidents involving inmates of the El Paso County Jail with no suggestion of why or how those incidents bear on the sufficiency of the medical care provided at the ACDF. The Sheriff Defendants deny any policy or custom that was the moving force behind Plaintiff's alleged injuries or that they were on notice of and deliberately indifferent to any such putative policy or custom and affirmatively assert that their conduct satisfied all constitutional requirements for providing medical care to Plaintiff. Defendants deny that they may be found liable under § 1983 for any claimed deliberate indifference of Wellpath or its employees under a "nondelegable duty" theory of liability but, alternatively, adopt and incorporate all denials and defenses asserted by the Wellpath Defendants. Additionally, Plaintiff's alleged injuries and damages were not proximately caused by the Sheriff Defendants but were caused or incurred as a result of Plaintiff's and/or other third parties' conduct, including but not limited to Plaintiff's failure to be compliant with her medications prior to her incarceration. Plaintiff's claimed damages, injuries and losses are further precluded to the extent Plaintiff failed to mitigate them.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. On February 16, 2022, Melissa Lammert was booked into the Arapahoe County Detention Center.

2. Sheriff Brown was the elected Sheriff of Arapahoe County in February 2022.

3. Wellpath is a private corporation that, in February 2022, contracted to provide medical staff and services at the Arapahoe County Detention Facility.

## 5. COMPUTATION OF DAMAGES

Plaintiff: Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief; compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law; all economic losses on all claims allowed by law; punitive damages on all claims allowed by law; attorneys' fees and the costs associated with this action on all claims allowed by law; pre- and post-judgment interest at the lawful rate; and any further relief that the court deems just and proper, and any other relief as allowed by law. Plaintiff's damages are largely not capable of precise calculation and will instead be determined by a jury following a presentation of the evidence at trial in this matter.

Regarding damages capable of precise calculation, Plaintiff will be providing Defendants with the medical bills related to this incident that she has received to date as part of her initial disclosures under Rule 26(a)(1). She has requested additional medical billing records and will

supplement with any additional medical billing records she receives. This is the only category of Plaintiff's damages that are capable of precise calculation.

<u>Wellpath Defendants</u>: The Wellpath Defendants do not seek damages but may seek to recover their attorneys' fees and costs as permitted by law.

<u>Sheriff Defendants</u>: The Sheriff Defendants are not currently seeking damages but reserve the right to seek attorney's fees and costs as permitted by law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The Fed. R. Civ. P. 26(f) meeting was conducted via telephone conference on April 19, 2024.

b. Participants in the meeting were as follows:

   i. For Plaintiff, Adam Frank and Cameron Bedard of the Frank Law Office LLC.

   ii. For Wellpath Defendants, Robert R. Mcleod of Hall Booth Smith, P.C.

   iii. For the Sheriff Defendants, Writer Mott, Dawn Johnson, and Rebecca Taylor of the Arapahoe County Attorney's Office.

c. Rule 26(a)(1) disclosures will be made on May 10, 2024.

d. There are no proposed changes to the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1) other than that stated above in paragraph c.

e. The parties have not agreed to conduct informal discovery.

f. The parties agree to take all reasonable measures to reduce discovery and litigation costs, including the use of unified exhibit numbering system for depositions and agree to the production of all discovery electronically, where feasible.

g.  The parties anticipate that the claims or defenses in this matter will involve the discovery of some electronically stored information. The parties agree that, to the extent feasible, the parties will exchange written documents in .pdf electronic format, unless a specific request for metadata or native format is made, in which case, the Parties will address the reasonableness of the request. The Parties agree to produce all video and audio recordings, Excel spreadsheets, and medical imaging in their native formats, where feasible.

h.  Pursuant to Fed. R. Civ. P. 26(f), the parties have discussed the possibility of settlement. At present, the parties are not yet prepared to have a settlement conference. The parties agree that proceeding with initial disclosures and responses to initial discovery requests will be beneficial to the parties so they can each properly evaluate their respective cases. However, the parties are interested in scheduling a settlement conference with Magistrate Judge Hegarty for approximately August.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  The parties agree that each side may conduct 10 depositions, exclusive of experts and treating physicians.

b.  Any deposition of a party, expert, or treating physician shall not exceed the presumptive limit of 7 hours per deponent, except by agreement of all Parties or upon a demonstration of good cause to the Court. Defendants propose that non-party depositions shall be limited to 4 hours per deponent.

    c. With respect to the Plaintiff and the Wellpath Defendants, the parties agree that they may serve up to 25 requests for production, 25 interrogatories, and 25 requests for admission on each other. Plaintiff proposes that these same limitations apply to all parties. Defendants propose that Plaintiff and the Wellpath Defendants may each serve up to 10 requests for production, 10 interrogatories, and 10 requests for admission on the Sheriff Defendants, and that the Sheriff Defendants may serve up to 10 requests for production, 10 interrogatories, and 10 requests for admission on each of the Plaintiff and the Wellpath Defendants.

    d. The agreed upon deadline for service of interrogatories and requests for production of documents and/or admissions is: November 15, 2024.

    e. Other Planning and Discovery Orders: The parties will be requesting the entry of a protective order and will be filing a motion and a proposed protective order shortly.

### 9. CASE PLAN AND SCHEDULE

    a. Deadline for Joinder of Parties and Amendment of Pleadings: June 21, 2024.

    b. Discovery Cut-off: December 20, 2024.

    c. Dispositive Motion Deadline: February 3, 2025.

    d. Expert Witness Disclosure

        1. <u>Plaintiff</u>: Plaintiff anticipates calling expert witnesses in the following possible fields: jail medical expert; jail practices expert; medical experts related to emergency medicine, endocrinology, and rheumatology; rehabilitation expert; damages expert. Plaintiff may designate experts in other areas as well.

<u>Wellpath Defendants</u>: emergency medicine, endocrinology, nursing care/rehabilitation, economics, and any other field endorsed by any other party or as necessary for rebuttal.

Sheriff Defendants: A correctional medical expert, jail practices expert, and any other field endorsed by any other party or necessary for rebuttal.

2. The parties propose a limit of five retained experts per party group.

3. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 1, 2024.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 1, 2024.

e. Identification of Persons to Be Deposed:

The parties are presently determining their discovery needs. Accordingly, the schedule listed below is not exhaustive and is not necessarily presented in the order in which the parties will conduct depositions. Further, the dates and times of depositions are tentative and have not yet been determined or noticed. Finally, the parties wish to retain the opportunity to reschedule depositions or take other depositions as may be suggested by discovery.

**Plaintiff:**

| Deponents Identity | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Defendant Wellpath | TBD | TBD | TBD |
| Defendant ACSO | TBD | TBD | TBD |
| Defendant Simmons | TBD | TBD | TBD |
| Defendant Ilarraza | TBD | TBD | TBD |
| Defendant Wendt | TBD | TBD | TBD |

| | | | |
|---|---|---|---|
| Defendant Dickerson | TBD | TBD | TBD |
| Defendant Doe #1 | TBD | TBD | TBD |
| Defendant Doe #2 | TBD | TBD | TBD |
| Observing Deputy #1 | TBD | TBD | TBD |
| Observing Deputy #2 | TBD | TBD | TBD |
| Other Fact Witnesses Suggested by Discovery | TBD | TBD | TBD |

**Defendants:**

| Deponents Identity | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Plaintiff Melissa Lammert | | | |
| Plaintiff's ex-husband | | | |
| Plaintiff's partner | | | |
| Plaintiff's employers to be identified in discovery | | | |
| Plaintiff's healthcare providers to be identified in discovery | | | |
| Any witnesses identified by the parties in Rule 26(a) disclosures | | | |
| Any witnesses identified in deposition testimony | | | |
| Any experts listed by the parties | | | |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_\_ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Other than as stated herein, Counsel for the parties have no disagreement concerning discovery or scheduling issues.

b. The parties anticipate a five-day jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301: None.

## 12. NOTICE OF COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.L. Civ. R 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officers presiding over this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a) and the Practice Standards established by the judicial officers presiding over this case.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20 ___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

**ATTORNEYS FOR THE PLAINTIFF**

*s/ Adam Frank*_____
Adam Frank
Cameron Bedard
Frank Law Office LLC
1133 N. Pennsylvania Street
Denver, CO 80203
Phone: (303) 800-8222
Fax: (303) 800-9122
adam@franklawoffice.com
cameron@franklawoffice.com

**ATTORNEYS FOR THE DEFENDANTS**

*/s/ Robert R. McLeod*_____
Robert R. McLeod
Hall Booth Smith, P.C.
5445 DTC Parkway, Suite 900

Greenwood Village, CO 80111
Telephone:     303.773.3500
Facsimile:     720.806.2292
Email: rmcleod@hallboothsmith.com

*Attorney for Wellpath Defendants*

**Arapahoe County Attorney's Office**

By:     *s/ Dawn Johnson*
Writer Mott, Deputy County Attorney
Dawn Johnson, Senior Assistant County Attorney
Rebecca M. Taylor, Senior Assistant County Attorney
5334 S. Prince Street, Littleton, CO 80120-1136
Tele: 303-795-4639
E-mail: Wmott@arapahoegov.com
E-mail: Djohnson@arapahoegov.com
E-mail: Rtaylor@arapahoegov.com

Attorneys for the Sheriff Defendants

**Certificate of Service**

  I hereby certify that on April 25, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:


Robert R. McLeod
Hall Booth Smith, P.C.
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
303-773-3500
rmcleod@hallboothsmith.com

Writer Mott
Deputy County Attorney
Dawn Johnson
Senior Assistant County Attorney
Rebecca M. Taylor
Senior Assistant County Attorney
Arapahoe County Attorney's Office
5334 S. Prince Street
Littleton, CO 80120-1136
wmott@arapahoegov.com
djohnson@arapahoegov.com
rtaylor@arapahoegov.com


*/s Adam Frank*
Adam Frank
Frank Law Office LLC