**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00438-CNS-CYC

MELISSA LAMMERT,

      Plaintiff,

v.

WELLPATH, LLC, et al.,

      Defendants.

---

## DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER

---

Defendants move the Court to extend all unexpired case management deadlines—i.e., the deadlines for affirmative experts, rebuttal experts, and discovery cut-off—by approximately 30 days. (Dkts. 147; 174.) This is Defendants' fourth request to modify the Court's Scheduling Order. (Dkts. 72; 91; 168.) *See* D.C.COLO.LCivR 6.1(b).[1]

/ / /

/ / /

---

[1] The parties conferred telephonically on January 15, 2026. Defense counsel explained that an extension of case management deadlines, to include the affirmative-expert deadline, was necessary, as one of Defense counsel's sons underwent a procedure during the holiday season. She also explained that another Defense counsel underwent a procedure and was hospitalized during the holiday season. Thus, Defense counsel explained that Defendants require additional time to prepare expert disclosures. Plaintiff's counsel stated he opposed Defendants' request. D.C.COLO.LCivR 7.1(a).

**I.      Relevant Background**

On November 14, 2024, Wellpath filed a Suggestion of Bankruptcy and Notice of Automatic Stay. (Dkt. 129.) On February 11, 2025, the Court issued an Order, staying and administratively closing this case. (Dkt. 132.) On June 6, 2025, the parties filed a Joint Motion to Reopen Case, which the Court granted. (Dkts. 134; 135.) The Court held a Status Conference on August 7, 2025, and ordered the parties to submit their positions on "a potential discovery deadline, affirmative expert deadline, rebuttal expert deadline, and amendment of the complaint," by August 29, 2025. (Dkt. 144 at 1–2.) The parties submitted their Joint Proposed Position on Case Management Deadlines on August 29, 2025. (Dkt. 146.) On September 3, 2025, the Court set the following relevant case management deadlines:

- Deadline for disclosure of affirmative experts:   November 14, 2025;
- Deadline for disclosure of rebuttal experts:   December 15, 2025; and
- Discovery cut-off:   March 13, 2026.

(Dkt. 147 at 1.)

On November 11, 2025, Defendants filed a Motion to Modify Scheduling Order, requesting to extend all unexpired case management deadlines by 60 days. (Dkt. 168 at 1.) Defendants advised that an extension of case management deadlines was necessary to allow time for Plaintiff to depose Individual Defendants prior to the affirmative expert disclosure deadline. (*Id.* at 7.) On November 14, 2025, the Court issued an Order, granting Defendants' request to extend case management deadlines. (Dkt. 174.) Specifically, the Court stated: "The request for the extension of deadlines is grounded in

the fact that [I]ndividual [D]efendants' depositions are necessary to prepare the defendants' affirmative expert reports." (*Id.*) The Court extended case management deadlines as follows:

- Deadline for disclosure of affirmative experts:   January 16, 2025;
- Deadline for disclosure of rebuttal experts:   February 27, 2025; and
- Discovery cut-off:   May 12, 2026.

(*Id.*)

Also on November 14, 2025, Plaintiff noticed Defendants Wendt's, Simmons', and Ilarazza's depositions for December 8, 10, and 11, 2025, respectively. Plaintiff deposed Defendant Wendt on December 8, 2025. However, on December 9, 2025, Defense counsel requested that Plaintiff vacate and reset Defendants Simmons' and Ilarraza's, as one of Defense counsel's children underwent a surgical procedure and counsel did not feel comfortable leaving him to travel to Colorado for the depositions. Plaintiff agreed to vacate and reset the depositions.

On January 7, 2026, Plaintiff noticed Defendants Simmons' and Ilarraza's depositions for January 26 and 27, 2026, respectively. Defendants now move to extend case management deadlines to allow time for Plaintiff to depose Defendants Simmons and Ilarraza prior to the affirmative-expert-disclosure deadline.

## II.   Good Cause Exists to Modify the Scheduling Order.

A scheduling order may be amended only upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party." *Colo. Visionary Academy v. Medtronic, Inc.*, 194 F.R.D.

684, 687 (D. Colo. 2000). Rather, "it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* Defendants have been diligent as explained below.

As stated in Defendants' November 11, 2025, Motion to Modify Scheduling Order, Defendants have diligently engaged in discovery since this case's inception and in complying with Plaintiff's requests to set Individual Defendants' depositions. Defendants Simmons' and Ilarraza's depositions have been vacated and reset for a variety of reasons, including because one of Defense counsel's sons underwent a surgical procedure days before their depositions were set to begin and counsel did not feel comfortable leaving her child to travel to Colorado for the depositions. Additionally, another Defense counsel was intermittently out of office during the month of December due to health issues. Specifically, Defense counsel underwent a surgical procedure on December 15, 2025, and then was hospitalized with an illness shortly after the Christmas holiday. An extension of all unexpired case management deadlines, and specifically the affirmative expert disclosure deadline, is therefore necessary to allow time for Defendants Simmons' and Ilarraza's depositions to occur prior to the parties' affirmative expert disclosure deadline, as such information is necessary to prepare Defendants' expert opinions on the standard of care applicable to correctional nursing and medical causation.

/ / /

/ / /

### III. Conclusion[2]

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Modify Scheduling Order and extend all unexpired deadlines as follows:

- Deadline for affirmative expert disclosures:    February 16, 2026

- Deadline for rebuttal expert disclosures:    March 29, 2026

- Deadline for discovery cut-off:    June 11, 2026

Dated:  January 15, 2026            Respectfully submitted,

s/ Kristina R. Rood
Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com
*Attorneys for Defendants Jeannette Lynn Simmons, Lynn Ilarraza, and Brenda Wendt*

---

[2] Defense counsel certify that they served a copy of their Motion to Modify Scheduling Order on their client. D.C.COLO.LCivR 6.1(c).

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 15th day of January 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Adam Frank
adam@franklawoffice.com

Writer Mott
WMott@arapahoegov.com

Rebecca Taylor
RTaylor@arapahoegov.com

Dawn Johnson
DJohnson@arapahoegov.com

Christopher Ryan Jones
crjones@grsm.com

Kendra Nicole Stark
kstark@grsm.com

By: /s/ E. Percevecz