IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00438-CNS-CYC

MELISSA LAMMERT,

    Plaintiff,

v.

WELLPATH, LLC;
JEANNETTE LYNN SIMMONS, Wellpath nurse;
LYNN ILARRAZA, A.K.A. LYNN LLARRAZA, Wellpath nurse;
BRENDA WENDT, Wellpath nurse; and
JOHN DOES #1-#5, Wellpath employees;

    Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the Defendants' Motion to Restrict, ECF No. 171, which seeks Level 1 restriction of Defendants' Motion to Modify Scheduling Order, ECF No. 168, and Exhibits 1-10, ECF No. 169-1, to that motion. The motion asks the Court to restrict the documents in full because in them the "Defendants describe in detail the medical conditions Defendant Wendt experiences and explain how those conditions affect her and preclude her from sitting through a seven-hour deposition." ECF No. 171 at 2.

"All courts have supervisory powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (internal citations and quotation marks omitted). "At the same time, there is a well-established presumption against restricting access to court documents." *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No.

15-cv-01541-CMA-CBS, 2017 WL 11544730, at *1 (D. Colo. Apr. 27, 2017). "To this end, Local Civil Rule 7.2(a) provides that documents filed with this District are presumptively available to the public, and the burden is on the party seeking restriction to justify such relief." *Id*. (citing D.C.COLO.LCivR 7.2(a)). In seeking restriction, the moving party must, among other things, "address the interest to be protected and why such interest outweighs the presumption of public access," "identify a clearly defined and serious injury that would result if access is not restricted," and "explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits)." D.C.COLO.LCivR 7.2(c). The presumption against restriction may be overcome if the moving party "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (quotation marks omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc*., 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information is woefully inadequate" and cannot be the basis for over-coming the presumption against restriction. *JetAway*, 754 F.3d at 827.

In addition, "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d).

Other than a generalized citation to Local Rule 7.2 and a broad statement that the information sought to be restricted "is protected from disclosure by the Health Insurance Portability and Accountability Act of 1996," ECF No. 171 at 2, the motion fails to satisfy these requirements. The plaintiff raised this concern, ECF No. 176, and the defendants' reply did not

remedy this failure. To be sure, "the privacy interest inherent in personal medical information can overcome the presumption of public access," *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015), but the defendants offer nothing more than a vague statement that summaries of medical information qualify as the type of "highly personal and private medical information" that would overcome the presumption of public access to the documents. *Id*. at 1205. In addition, the defendants fail to direct the Court's attention to which portions of the various documents contain such information. This is not sufficient. *Pine Tele. Co*., 617 F. App'x at 852 ("[T]his overly broad request is bereft of specific examples indicating which documents contain the allegedly confidential information and is therefore insufficient to overcome the presumption against sealing." (quotation marks omitted)).

For example, the defendants do not address why they seek to restrict the public's access to documents that on their face do not relate to any medical or health information. Exhibit 2, 3, 4, and 10 consist of deposition notices and amended deposition notices for Brenda Wendt, Jeannette Simmons, and Lynn Ilarraza. ECF No. 169-1 at 10–26, 84–93. These deposition notices came from the plaintiff, not the defendants and therefore cannot contain descriptions of anything from the defendants, let alone personal medical information. As a result, the motion, ECF No. 171, is **denied** to the extent it seeks to restrict each of these documents at Level 1. Given that the defendants filed all ten exhibits as one document and the Court is therefore unable to lift the restriction on only these exhibits without also lifting the restriction on the other six exhibits, it is hereby ORDERED that, **on or before April 24, 2026**, the defendant shall file a notice on the docket that attaches **Exhibits 2, 3, 4, and 10** as exhibits to the notice. **Each document shall be filed as a separate attachment.**

The remaining exhibits consist of email chains exchanged between counsel for the parties, *id*. at 1–9, 27–67, and Plaintiff's Response to Defendant Wellpath's First Set of Discovery Requests to Plaintiff, *id*. at 68–83. It is possible that these documents may include information that could overcome the presumption of public access to the documents, but the defendants provide no basis for the Court to reach that conclusion. Without clarification regarding exactly which portions of the documents the defendants believe should be restricted and a legal basis for granting that request, the Court must **deny** this portion of the motion, ECF No. 171, **without prejudice**. If the defendants would like to seek restriction of Exhibits 1 and 5–9, **on or before April 24, 2026**, they shall file a motion requesting restriction that specifically identifies each portion of each document that the defendants believe should be restricted and provides legal support for each portion of each document that they seek to restrict. If the defendants' review of the law leads them to conclude that a document need not be fully restricted, then **by that same date** they must file a notice on the docket that attaches redacted versions of the documents for which they request restriction that only redact the portions of the documents the defendants have a good faith legal basis to believe should be subject to restriction. If the defendants determine that they have a good faith legal basis for requesting restriction of an entire document, they need not file a redacted version of that document. If the defendants choose to file a new motion requesting restriction of Exhibits 1 and 5–9, that motion must include pinpoint citations to the portions of the exhibits discussed in the motion. In compliance with D.C.COLO.LCivR 7.1(a), before filing a further motion seeking restriction, the defendants must confer with the plaintiff.

The defendants also seek to restrict their Motion to Modify Scheduling Order, ECF No. 168, in it is entirety. This filing includes a general statement of certain medical conditions

defendant Wendt was suffering from on page four, a quote from an email discussing one of those conditions on page five, and a summary of her medical conditions on the bottom of page seven. As with the exhibits, the defendants offer no authority for the idea that these statements by counsel defeat the presumption of public access. However, to allow the defendants an opportunity to provide authority for their request — which should have been provided in the first instance — the Court will order the Clerk of the Court to maintain this document, ECF No. 168, as well as the grouped exhibits, ECF No. 169-1, at Level 1 restriction until April 24, 2026. If the defendants would like to file a motion that complies with the Local Rules of this District by that date, the Court will revisit this issue. If no such motion is filed, ECF Nos. 168 and 169-1 will be made public.

For the reasons discussed above, it is hereby ORDERED that Defendants' Motion to Restrict, ECF No. 171, is **DENIED in part** and **DENIED without prejudice in part**.

It is further ORDERED that the Clerk of the Court shall maintain ECF Nos. 168 and 169-1 at Level 1 restriction until April 24, 2026.

If the defendant wishes to file a motion seeking to restrict Defendants' Motion to Modify Scheduling Order and/or Exhibits 1 and 5–9, or portions thereof, that complies with the Local Rules of this District and provides legal support, any such motion shall be filed **on or before April 24, 2026**.

Dated this 14th day of April, 2026 at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

5